2012 UT 10

Maria LOPEZ, Plaintiff and Respondent,

v.

UNITED AUTOMOBILE INSURANCE COMPANY and El Sol Insurance Agency, LLC, Defendants and Petitioners.

No. 20100054.

Supreme Court of Utah.

Feb. 24, 2012.

Daniel F. Bertch, Kevin R. Robson, Salt Lake City, for respondent.

Tim D. Dunn, Michael J. Collins, Salt Lake City, for petitioner.

James W. McConkie, Kenneth D. Lougee, W. Alexander Evans, Salt Lake City, for amici United Automobile Insurance Company's customers.

Associate Chief Justice DURRANT, opinion of the Court:

## INTRODUCTION

¶ 1 We are asked to determine what constitutes a "reasonable explanation" of underinsured motorist (UIM) coverage under section 31A–22–305.3 of the Utah Code (UIM Statute). The UIM Statute provides that an insured "may reject [UIM] coverage by an express writing to the insurer . . . . on a form provided by the insurer that includes a *reasonable explanation* of the purpose of [UIM] coverage and when it would be applicable." [1] In a lawsuit against United Automobile Insurance Company and El Sol Insurance Agency, LLC (collectively, United), Maria Lopez alleges that United's waiver form for rejecting UIM coverage (Waiver) did not provide the required reasonable explanation of UIM coverage. She contends that, because United's Waiver did not contain a reasonable explanation, it was invalid and she was therefore entitled to UIM coverage. The district court concluded that United's Waiver contained a reasonable explanation of UIM coverage, but the Utah Court of Appeals reversed that decision, holding that the waiver did not contain a reasonable explana-

---

1. UTAH CODE § 31A–22–305.3(2)(g)(i)–(ii) (emphasis added). No substantive changes have been made to the provisions at issue in this opinion; thus, we cite to the most recent version of the Utah Code for convenience.

tion, and Ms. Lopez was therefore entitled to UIM coverage of $25,000 under the UIM Statute. The court of appeals then remanded the case to the district court with instructions that it enter judgment in favor of Ms. Lopez in the amount of $25,000.

¶ 2 We granted certiorari to resolve two issues: (1) whether the court of appeals erred in its construction and application of the meaning of the phrase "reasonable explanation," as required by the UIM Statute; and (2) whether the court of appeals erred in failing to remand the case for ascertainment of the amount of damages.[2] We hold that the court of appeals did not err in its construction and application of the meaning of the phrase "reasonable explanation." But the court of appeals did err in instructing the district court to enter judgment for Ms. Lopez in the amount of $25,000. We therefore remand the case to the district court with instructions to determine the amount of damages Ms. Lopez actually sustained.

## BACKGROUND

¶ 3 On February 1, 2007, Miriam Salazar purchased an insurance policy from United, selecting uninsured motorist coverage equal to her bodily injury liability limits of $25,000, but rejecting underinsured motorist coverage by signing United's Waiver. Under the heading "Agreement Deleting Uninsured/Underinsured Motorists Bodily Injury Coverage," United's Waiver read as follows:

Utah Insurance Code Section 31A–22–305 requires that every automobile policy include Uninsured/Underinsured Motorists Bodily Injury Coverage with limits equal to the Bodily Injury limit, unless you select a different limit than your Bodily Injury Coverage or reject the Uninsured/Under-

insured Motorists Bodily Injury Coverage entirely. Uninsured/Underinsured Motorists Bodily Injury Coverage provides payment of certain benefits for damages caused by the owner or operator of uninsured/underinsured motor vehicles because of bodily injury, sickness, disease or death.

¶ 4 A few days after her purchase, Ms. Salazar was driving the vehicle covered by the insurance policy when another automobile struck her vehicle from behind. Ms. Lopez, a passenger in Ms. Salazar's vehicle, was injured in the accident. The other driver's insurer tendered its limit of $25,000 to Ms. Lopez to pay for the injuries she sustained. Claiming that this amount was insufficient to cover her damages, Ms. Lopez sued United, arguing that United must provide her with UIM coverage because its Waiver did not provide the reasonable explanation of UIM coverage required by the UIM Statute.[3]

¶ 5 The parties filed cross-motions for summary judgment. The district court determined that United's Waiver contained a reasonable explanation of UIM coverage and, accordingly, granted summary judgment in favor of United. But on appeal, the court of appeals concluded that United's Waiver did not contain a reasonable explanation.[4] Specifically, the court of appeals concluded that, because the explanation in United's Waiver was not sufficient to "enable [the insured] to make an intelligent, informed decision regarding the selection of UIM coverage[,] . . . [the] waiver of UIM coverage was invalid."[5] The court of appeals remanded the case and instructed the district court to enter judgment in favor of Ms. Lopez in the amount of $25,000.[6]

¶ 6 On appeal to this court, Ms. Lopez contends that United's Waiver failed to pro-

---

2. Ms. Lopez also asks us to instruct the district court to consider her breach of contract claim as a class action on remand. But the district court granted summary judgment against Ms. Lopez on her class action claim and she did not appeal that decision. Thus, the matter is not properly before us and we do not address it.

3. Although the district court ruled that Ms. Lopez lacked standing to challenge the reasonableness of the Waiver because she was not a party to the contract, the court of appeals concluded that United had conceded at oral argument that Ms.

Lopez did have standing to challenge the Waiver. *Lopez v. United Auto. Ins. Co.*, 2009 UT App 389, ¶ 11 n. 7, 222 P.3d 1192. Because the parties do not appeal this conclusion, we do not address the issue.

4. *Id.* ¶ 20.

5. *Id.* (citations omitted) (internal quotation marks omitted).

6. *Id.* ¶ 21.

vide a reasonable explanation of UIM coverage, primarily because it did not define UIM coverage or explain its purpose or benefits.[7] As a result, Ms. Lopez claims that she is entitled to $25,000 of UIM coverage under the UIM Statute. United chiefly argues that the explanation in the Waiver was reasonable because its language mirrors a provision of the UIM Statute, and that an ordinary person would understand the explanation without further information. Although United does not dispute that Ms. Lopez is entitled to the statutorily mandated amount of UIM *coverage* if we find that its Waiver did not contain a reasonable explanation, it contends that, rather than instructing the district court to enter *judgment* for Ms. Lopez in the amount of $25,000, the court of appeals should have instructed the district court to ascertain the amount of damages that Ms. Lopez actually incurred.

¶ 7 We have jurisdiction to hear this matter pursuant to section 78A–3–102(3)(a) of the Utah Code.

## STANDARD OF REVIEW

¶ 8 "On certiorari, we review a decision of the court of appeals for correctness. The correctness of the court of appeals' decision turns on whether that court accurately reviewed the district court's decision under the appropriate standard of review."[8]

## ANALYSIS

### I. THE COURT OF APPEALS CORRECTLY HELD THAT UNITED'S WAIVER FAILED TO PROVIDE THE REASONABLE EXPLANATION REQUIRED BY STATUTE

¶ 9 We first consider whether the court of appeals erred in its construction and applica-

tion of the "reasonable explanation" required by the UIM Statute. For a waiver of UIM coverage to be valid, the UIM Statute requires that the written rejection must "be on a form provided by the insurer that includes a reasonable explanation of the purpose of [UIM] coverage and when it would be applicable."[9] Because neither party disputes that the rejection was written on a form provided by United, we consider only whether United's Waiver included the required reasonable explanation. To resolve this question, we must determine (A) whether the court of appeals correctly construed the meaning of the phrase "reasonable explanation" and (B) whether United's Waiver provided the reasonable explanation of UIM coverage required by statute.

### A. Under the UIM Statute, a "Reasonable Explanation" Requires Insurers to Provide Information Sufficient to Allow a Consumer to Make an Informed Decision Regarding the Selection of the Coverage

¶ 10 Because the UIM Statute does not define the phrase "reasonable explanation," we must use our rules of statutory interpretation to determine its meaning. When interpreting a statute, "our primary goal is to evince the true intent and purpose of the Legislature."[10] To accomplish this goal, "we first look to the plain language of the statute."[11] "[W]e read the language of the statute as a whole and also in its relation to other statutes."[12] We also "read each term according to its ordinary and accepted meaning."[13] Additionally, we "assume that each term included in the statute was used advisedly, and we seek to give effect to every

---

7. Amici curiae claim that because United targets Spanish-speaking consumers, its Waiver must be provided in Spanish in order for the explanation to be considered reasonable. Because we conclude that the Waiver failed to provide a reasonable explanation in English, it is unnecessary for us to reach this issue.

8. *State v. Harding*, 2011 UT 78, ¶ 7, —— P.3d ——, 2011 WL 6282368 (alteration omitted) (citation omitted) (internal quotation marks omitted).

9. Utah Code § 31A–22–305.3(2)(g)(ii).

10. *State v. Parduhn*, 2011 UT 57, ¶ 21, 266 P.3d 765 (internal quotation marks omitted).

11. *Id.*

12. *Id.*(internal quotation marks omitted).

13. *Id.* (internal quotation marks omitted).

word, clause[,] and sentence[,] . . . if such can be reasonably done." [14]

¶ 11 Both the language and the purpose of the UIM Statute make clear that the "reasonable explanation" requirement is meant to ensure that consumers have sufficient information to allow them to make informed decisions regarding the selection of UIM coverage. The term "reasonable" is defined as "[f]air, proper, or moderate under the circumstances." [15] And the term "explain" is defined as "to make known" or "to make plain or understandable." [16] An ordinary person reading the phrase "reasonable explanation" would understand it to mean the provision of a proper amount of information to allow one to understand a concept.

¶ 12 Further, we recently recognized that the UIM Statute "was passed in response to an urgent concern that citizens of the state *did not understand* the consequences of not carrying . . . [UIM] coverage," [17] and that it "was designed to *affirmatively inform* consumers about . . . UIM coverage." [18] Accordingly, we held that the UIM Statute requires insurers to present consumers "with the information they need to make an informed decision about . . . UIM coverage." [19] Thus, based on the language and purpose of the UIM Statute, the phrase "reasonable explanation" requires insurers to provide sufficient information to allow consumers to make informed decisions regarding the selection of UIM coverage.

¶ 13 United asserts that its Waiver necessarily provided a reasonable explanation because it contained language that mirrored the statutory definition of UIM coverage. We reject United's argument for the following two reasons. First, although it provides helpful information about UIM coverage, the statutory definition alone is insufficient to adequately inform consumers of the purpose and applicability of UIM coverage. The statutory definition reads as follows: "[UIM] coverage . . . provides coverage for a covered person who is legally entitled to recover damages from an owner or operator of an underinsured motor vehicle because of bodily injury, sickness, disease, or death." [20] This subsection is not meant to be read and understood in isolation from the rest of the UIM Statute because this statutory definition is incomplete without information found in other provisions.

¶ 14 To illustrate, an understanding of the definition of UIM coverage requires an individual to know the meaning of "underinsured motor vehicle"—a term that has its own statutory definition. Specifically, the UIM Statute defines "underinsured motor vehicle" to mean "a motor vehicle, the operation, maintenance, or use of which is covered under a liability policy at the time of an injury-causing occurrence, but which has insufficient liability coverage to compensate fully the injured party for all special and general damages." [21] This definition of "underinsured motor vehicle" provides an essential foundation for the statutory definition of UIM coverage. Without this additional information, the statutory definition of UIM coverage does not constitute a reasonable explanation.

¶ 15 Second, there is nothing in the language or purpose of the UIM Statute indicating that the Legislature intended the statutory definition of UIM coverage to constitute the required reasonable explanation. If it were important only that consumers read the statutory definition, the Legislature could have required insurers to include that language on waiver forms. But instead, the UIM Statute mandates that insurers provide

---

**14.** *Id.* (first and third alterations in original) (internal quotation marks omitted).

**15.** Black's Law Dictionary 1379 (9th ed. 2009).

**16.** Webster's New Collegiate Dictionary 437 (9th ed. 1988).

**17.** *Iverson v. State Farm Mut. Ins. Co.*, 2011 UT 34, ¶ 16, 256 P.3d 222 (emphasis added).

**18.** *Id.* ¶ 17.

**19.** *Id.*

**20.** Utah Code § 31A–22–305.3(2)(a)(I). Similarly, in relevant part, United's Waiver reads: "Uninsured/Underinsured Motorists Bodily Injury Coverage provides payment of certain benefits for damages caused by the owner or operator of uninsured/underinsured motor vehicles because of bodily injury, sickness, disease or death."

**21.** *Id.* § 31A–22–305.3(1)(b)(I).

"a reasonable explanation of the purpose of [UIM] coverage and when it would be applicable."[22] Further, construing the statutory definition of UIM coverage to constitute the required reasonable explanation would be contrary to the UIM Statute's purpose, because the statutory definition alone does not provide sufficient information to allow consumers to make an educated decision regarding the selection of UIM coverage. Thus, there is no indication that the Legislature intended the statutory definition of UIM coverage to constitute the required reasonable explanation.

¶ 16 The court of appeals' interpretation of a "reasonable explanation" as requiring the insurer to provide information "sufficient to permit the insured to make an intelligent, informed decision on desired or desirable coverages"[23] is appropriate given the language and purpose of the UIM Statute. Thus, the court of appeals did not err in its construction of the phrase "reasonable explanation."[24]

B. *United's Waiver Did Not Provide a Reasonable Explanation of UIM Coverage Because It Did Not Define "Underinsured," Conflated UIM with Uninsured Motorist Coverage, and Failed to Explain the Respective Benefits of Each Type of Coverage*

¶ 17 Having interpreted the phrase "reasonable explanation," we next address whether United's Waiver provided enough information about the purpose of UIM coverage and when such coverage would be applicable to allow consumers to make an informed decision. As an initial matter, we note that "[w]e construe insurance contracts by considering their meaning to a person of ordinary intelligence and understanding, . . . in accordance with the usual and natural meaning of the words, and in the light of existing circumstances, including the purpose of the policy."[25] Additionally, "any ambiguity or uncertainty in the language of an insurance policy must be resolved in favor of coverage."[26]

¶ 18 With this standard in mind, we turn to the language of United's Waiver:

Utah Insurance Code Section 31A–22–305 requires that every automobile policy include Uninsured/Under-insured Motorists Bodily Injury Coverage with limits equal to the Bodily Injury limit, unless you select a different limit than your Bodily Injury Coverage or reject the Uninsured/Under-insured Motorists Bodily Injury Coverage entirely. Uninsured/Underinsured Motorists Bodily Injury Coverage provides payment of certain benefits for damages caused by the owner or operator of uninsured/underinsured motor vehicles because of bodily injury, sickness, disease or death.

We conclude that United's Waiver fails to provide the statutorily required reasonable explanation of the purpose of UIM coverage and when such coverage would be applicable because (1) it does not define the term "underinsured," (2) it fails to differentiate between "underinsured" and "uninsured," and (3) it does not adequately explain the benefits of UIM coverage or when they apply.

¶ 19 First, United's Waiver does not define or explain the meaning of "underinsured." It is not enough that a waiver use the term

22. *Id.* § 31A–22–305.3(2)(g)(ii).

23. *Lopez v. United Auto. Ins. Co.*, 2009 UT App 389, ¶ 17, 222 P.3d 1192 (internal quotation marks omitted).

24. In determining the meaning of the phrase "reasonable explanation," we do not attempt to dictate what language a waiver form should contain to meet this requirement under the UIM Statute. But in the interest of providing guidance to insurers and ensuring that consumers receive sufficient information regarding UIM coverage, we encourage the Insurance Commission to consider drafting model language that satisfies the standard set forth in this opinion.

25. *Doctors' Co. v. Drezga*, 2009 UT 60, ¶ 12, 218 P.3d 598 (internal quotation marks omitted).

26. *Id.* (internal quotation marks omitted). A provision is ambiguous if it is "capable of more than one reasonable interpretation because of uncertain meanings of terms, missing terms, or other facial deficiencies." *Id.* (internal quotation marks omitted). We resolve ambiguities in favor of coverage because of "the need to afford the insured the protection he or she endeavored to secure." *Id.* (internal quotation marks omitted).

"underinsured" without providing further information because the waiver is then merely restating the term the Legislature has required to be explained. Further, "underinsured" is not a self-explanatory term. Under the UIM Statute, an "underinsured motor vehicle" is a term of art defined by statute to mean a motor vehicle that is covered under a liability policy at the time of the accident, but has insufficient coverage to fully compensate the injured party.[27] But colloquially, the term "underinsured" could encompass motor vehicles that are not covered by any liability insurance at all. Indeed, such cases present the most extreme example of underinsurance. The UIM Statute, however, provides that vehicles with *no* insurance coverage are "uninsured," while vehicles covered under a liability policy with *insufficient* coverage are "underinsured." Because the statutory meaning of "underinsured" is not intuitive, to be reasonable, a waiver must explain the meaning of the term.

¶ 20 Second, by using the term "uninsured/underinsured" throughout its explanation, United's Waiver fails to differentiate between the purpose of each type of coverage and to clarify under what circumstances each type of coverage applies. Indeed, it is unclear whether the term "uninsured/underinsured" refers to either type of insurance, both types of insurance, or one single type of insurance that covers both uninsured and underinsured motorists. This ambiguity makes it difficult for consumers to appreciate the purpose of UIM coverage, understand when it would be applicable, or ascertain how the explanation in United's Waiver applies specifically to UIM coverage. Indeed, without an explanation that differentiates between *underinsured* and *uninsured* coverage, a consumer might not understand why both forms of insurance are necessary, and could assume that protection against underinsured motorists is included in their uninsured motorist coverage, or vice versa. Thus, an explanation that fails to differentiate between UIM coverage and uninsured motorist coverage does not assist consumers

in making informed decisions regarding the selection of coverage.

¶ 21 Finally, United's Waiver does not provide an adequate description of the benefits of UIM coverage and when those benefits apply. United's Waiver states that "Uninsured/Underinsured Motorists Bodily Injury Coverage provides for payment of *certain benefits* for damages caused by the owner or operator of uninsured/underinsured motor vehicles." (emphasis added) But it does not elaborate on what these "certain benefits" entail. Instead, it lumps the benefits of UIM coverage and uninsured motorist coverage together, making it difficult to understand when the respective benefits of each coverage apply. Although the UIM Statute does not require that benefits be laid out in a waiver as thoroughly as they would be in complete insurance policy documents, a reasonable explanation should nonetheless provide sufficient information about the benefits of coverage to allow consumers to make an informed decision. United's Waiver fails to do so.

¶ 22 Because United's Waiver does not define the term "underinsured," fails to differentiate between "underinsured" and "uninsured," and does not adequately explain the benefits of UIM coverage and when they apply, it does not provide sufficient information to enable consumers to make an informed decision regarding the selection of UIM coverage. As discussed, we resolve such ambiguities and uncertainties in favor of providing coverage to the insured.[28] We therefore uphold the court of appeals' conclusion that United's Waiver failed to provide a reasonable explanation.

II. ALTHOUGH MS. LOPEZ IS ENTITLED TO UIM COVERAGE OF $25,000, THE COURT OF APPEALS ERRED IN INSTRUCTING THE DISTRICT COURT TO ENTER JUDGMENT IN THAT AMOUNT BECAUSE THE DAMAGES SHE ACTUALLY SUSTAINED HAVE NOT YET BEEN ASCERTAINED

¶ 23 Having determined that United's Waiver did not provide a reasonable explana-

---

27. Utah Code § 31A–22–305.3(1)(b)(I).

28. *Doctors' Co. v. Drezga*, 2009 UT 60, ¶ 12, 218 P.3d 598.

tion of UIM coverage, we next consider whether the court of appeals erred in instructing the district court to enter judgment for Ms. Lopez in the amount of $25,000. The court of appeals held that "[the] waiver of UIM coverage was invalid" and Ms. Lopez was therefore "entitled to UIM benefits ... 'equal to the lesser of the limits of the insured's motor vehicle liability coverage or the maximum UIM coverage limits available by the insurer under the insured's motor vehicle policy,'" which "the parties agree ... is $25,-000." [29] The court of appeals then reversed the district court's order and remanded the case with instructions to enter judgment for Ms. Lopez in the amount of $25,000.[30]

¶ 24 On appeal, United does not dispute that it is required to provide $25,000 of UIM coverage to Ms. Lopez if we determine that its Waiver does not contain the required reasonable explanation. Instead, it contends that, if the Waiver's explanation is not deemed reasonable, the case should be remanded to the district court to ascertain what damages Ms. Lopez actually suffered. Although the parties do not dispute that United is required to provide UIM coverage if we find that the explanation in the Waiver was not reasonable, because the UIM Statute does not specify the consequences of failing to provide a reasonable explanation, we first analyze whether Ms. Lopez is entitled to UIM coverage before considering whether she is entitled to judgment.

■ ¶ 25 First, we conclude that Ms. Lopez is entitled to UIM coverage. Although no subsection of the UIM Statute explicitly states that a consumer is entitled to UIM coverage in the absence of a reasonable explanation, when read together, the relevant provisions provide that, in the absence of a reasonable explanation, consumers are enti-

tled to a statutorily determined amount of UIM coverage.[31] The UIM statute states that "the limits of [UIM] coverage *shall* be equal to the lesser of the limits of the insured's motor vehicle liability coverage or the maximum [UIM] coverage limits available by the insurer under the insured's motor vehicle policy, *unless* the insured purchases coverage in a lesser amount."[32] And to validly purchase a lesser amount of UIM coverage, the consumer must "sign[ ] an acknowledgment form that ... *reasonably explains* the purpose of [UIM] coverage."[33] Similarly, to validly reject UIM coverage, the consumer must do so "by an express writing .... on a form provided by the insurer that includes a *reasonable explanation* of the purpose of [UIM] coverage and when it would be applicable."[34]

¶ 26 Together, these provisions dictate that insurers must provide a prescribed level of UIM coverage to consumers unless consumers validly waive the statutorily prescribed amount of UIM coverage by executing a waiver that contains a reasonable explanation. Indeed, we have previously held that "an insurer can provide UIM coverage in lower amounts than liability coverage *so long as* the insurer has complied with the UIM Statute's consumer notification requirements."[35] But "*[w]ithout the waiver,* the UIM Statute *mandates* that the UIM coverage limits ... *shall* be equal to the lesser of either the policy's liability limits or the maximum limit the insurer provides under that policy."[36]

■ ¶ 27 Thus, where a waiver does not contain a reasonable explanation of UIM coverage, the waiver is invalid, and the consumer is entitled to the statutorily prescribed level of UIM coverage. In this case, the court of appeals determined that the amount

**29.** *Lopez v. United Auto. Ins. Co.,* 2009 UT App 389, ¶ 20, 222 P.3d 1192 (quoting Utah Code § 31A–22–305.3(b)).

**30.** *Id.* ¶ 21.

**31.** *See* Utah Code § 31A–22–305.3(2)(b)(iv), (g)(i)-(ii).

**32.** *Id.* § 31A–22–305.3(2)(b) (emphases added).

**33.** *Id.* § 31A–22–305.3(2)(b)(iv) (emphasis added).

**34.** *Id.* § 31A–22–305.3(2)(g)(i)–(ii) (emphasis added).

**35.** *Iverson v: State Farm Mut. Ins. Co.,* 2011 UT 34, ¶ 23, 256 P.3d 222 (emphasis added).

**36.** *Id.* ¶ 12 (first and second emphases added) (internal quotation marks omitted).

of coverage prescribed by the UIM Statute is $25,000.[37] This was the amount of Ms. Salazar's liability coverage and neither party contended that the maximum amount of UIM coverage available under the type of policy Ms. Salazar held was less than $25,000.

¶ 28 Second, we conclude that, although Ms. Lopez is entitled to UIM *coverage* of $25,000, the court of appeals erred in instructing the district court to enter *judgment* for Ms. Lopez in that amount. To receive a monetary award for damages, Ms. Lopez must present evidence demonstrating the amount of damages she actually suffered. "[D]amages are a question of fact," and as such, "are distinctly within the jury's province." [38] The plaintiff has the responsibility of producing sufficient evidence both "to establish the fact of damages" and "provide[ ] a reasonable, even though not necessarily precise, estimate of damages." [39]

¶ 29 In this case, after determining that Ms. Lopez was entitled to $25,000 of UIM coverage under the UIM Statute, the court of appeals simply remanded the case to the district court with instructions to enter judgment in favor of Ms. Lopez in the amount of $25,000.[40] But even though Ms. Lopez is entitled to $25,000 of UIM coverage, before monetary damages can be awarded, she must fulfill her burden of proving the amount of damages she actually sustained.

¶ 30 Ms. Lopez has not yet fulfilled this burden. As the district court dismissed Ms. Lopez's claims on summary judgment, it made no factual determination regarding whether she had actually suffered damages, and if so, the amount of damages she had incurred. Thus, the record does not contain any evidence of the amount of damages allegedly suffered by Ms. Lopez as the result of the accident. Further, on appeal, Ms. Lopez does not assert that she suffered a certain amount of damages; she only argues that she is entitled to UIM *coverage* of $25,000.

Thus, the district court must determine the amount of damages that she actually sustained before judgment can be entered.

¶ 31 We also note that Ms. Lopez is entitled to be compensated by United only for damages *in excess* of those for which she was compensated by the other motorist's insurer.[41] Ms. Lopez acknowledges that she has already received the $25,000 available under the other driver's insurance policy; thus, whatever damages she may have incurred have already been covered to that extent. To prevent her from receiving a double recovery, United should be required to pay only those damages for which Ms. Lopez has not been otherwise compensated. Therefore, the district court should determine to what extent Ms. Lopez's damages exceed the amount already paid to her by the other motorist's insurer.

¶ 32 In sum, Ms. Lopez is entitled to $25,000 of UIM coverage, but the court of appeals erred in remanding the case with instructions to enter judgment for Ms. Lopez in that amount. The case should be remanded to the district court to determine the amount of damages Ms. Lopez actually sustained that have not already been covered by the other driver's insurance.

## CONCLUSION

¶ 33 We hold that the court of appeals was correct in construing the phrase "reasonable explanation" to require the insurer to provide sufficient information for the consumer to make an informed decision about whether to accept or reject UIM coverage. In addition, we conclude that the court of appeals correctly applied this standard in finding that United failed to provide a reasonable explanation of the purpose of UIM coverage and when it would be applicable. Finally, while Ms. Lopez is entitled to $25,000 of UIM coverage under the UIM Statute, the court

37. *Lopez*, 2009 UT App 389, ¶ 20, 222 P.3d 1192.

38. *Judd v. Drezga*, 2004 UT 91, ¶ 34, 103 P.3d 135.

39. *TruGreen Cos. v. Mower Bros.*, 2008 UT 81, ¶ 15, 199 P.3d 929 (internal quotation marks omitted).

40. *Lopez*, 2009 UT App 389, ¶ 21, 222 P.3d 1192.

41. *See* Utah Code § 31A–22–305.3(2)(f)(i) ("The named insured's [UIM] coverage ... is secondary to the liability coverage of an owner or operator of an underinsured motor vehicle....").

of appeals erred in remanding the case to the district court with instructions to enter judgment for Ms. Lopez in that amount. Instead, the district court should determine the amount of damages that Ms. Lopez actually sustained beyond those for which she was already compensated.

Associate Chief Justice DURRANT authored the opinion of the Court, in which Chief Justice DURHAM, Justice PARRISH, Justice NEHRING, and Justice LEE joined.